In the Matter of EUGENE F. McGEE, an Attorney, Respondent.

First Department, February 6, 1925.

**Attorney and client — disciplinary proceedings — attorney disbarred for converting funds given him to pay for printing case on appeal from conviction of client in criminal prosecution.**

An attorney at law is disbarred for converting money given to him for the express purpose of paying the expense of printing the case on appeal from a conviction of a client on a criminal prosecution, where it appears that he did not serve notice of appeal and made no effort whatsoever to appeal from the judgment of conviction and did not expend the money for the purpose for which it was given him.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*William J. Fallon,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the October, 1908, term of the Appellate Division, First Department, and was practicing as such in said Department at the time of the acts complained of.

So much of the charge as is necessary to consider is set forth in the petition as follows:

" In January, 1920, the respondent was a member of the firm of Fallon & McGee. During that month William T. Sherman acting in behalf of one Crouse who had been arrested charged with the commission of a felony, retained Messrs. Fallon & McGee to defend Crouse and paid them the sum of One thousand dollars in full for their services. Crouse was subsequently tried and convicted. After the conviction the respondent McGee promised and agreed that an appeal would be taken from the judgment of conviction * * *. Thereafter the respondent McGee told Sherman that it would cost about $300 to print the case on appeal and that if Sherman would pay $250 on account of the said printing expenses the balance of $50 could be paid when the case had been printed. Relying upon these representations Sherman gave the respondent the sum of $250 to be used solely for the purpose of paying the printing expenses. The respondent did not use any part of the money for the purpose of paying for the printing of the case on appeal and converted the entire amount to his own use. Respond-

ent failed to take any steps in behalf of Crouse to perfect an appeal from the judgment of conviction. No notice of appeal from said judgment has ever been filed. Crouse was convicted and sentenced in April, 1920, and the time to appeal from said judgment has long since expired."

The answer of the respondent is as follows:

" *First.* Denies each and every allegation contained in paragraph IV of the petition except that respondent admits that in January, 1920, he was a member of the firm of Fallon & McGee, and that the said Crouse was defended by said firm and after said trial was convicted in April, 1920, and that no notice of appeal from said judgment of conviction has ever been filed, and that the time to appeal has expired."

From the record it appears that W. Sherman, the brother-in-law of Crouse, died before the hearing. Miss Rosenberg, the stenographer and employee of the respondent, who had power of attorney to sign checks, testified that she received $250 from Mr. Sherman and signed a receipt on the letter-head of Fallon & McGee, counselors at law, Singer Building, 149 Broadway, dated July 29, 1920, as follows:

" Received from W. Sherman Two hundred and fifty dollars on account of payment for minutes in Crouse appeal.

"EUGENE F. McGEE
"By F. ROSENBERG."

Crouse was convicted before Mr. Justice KAPPER in the Supreme Court in Brooklyn on January 20, 1920. On the twenty-sixth of January on the affidavit of the respondent an order to show cause was granted by Mr. Justice CROPSEY why a certificate of reasonable doubt should not be granted. On the 5th of March, 1920, Assistant District Attorney Hemstreet on an affidavit verified on that day moved to vacate the stay on the ground that " no brief has been served upon the district attorney by defendant's counsel as directed by the Court, nor has any notice of appeal to the Appellate Division been served on the District Attorney or filed with this Court." On April 8, 1920, Mr. Justice CROPSEY denied the motion for a certificate of reasonable doubt and Crouse was sent to Sing Sing to serve his term.

Mr. Albert C. Beninger, commissioner of parks, borough of Queens, testified that about a year after Crouse's conviction he had an interview with Crouse at Sing Sing and then saw the respondent at his office. " I asked him why he had not brought the case on appeal and he said he did not receive any money to bring it on appeal. The money he had received was for the trial

and the trial alone. And then I made an investigation and found that he had not served notice of appeal and the time had expired because I intended to pay for the minutes myself in the case." Mrs. Crouse and her sister, Mrs. Sherman, testified to repeated but unsuccessful efforts to obtain some information in regard to the appeal. The excuse offered by the respondent for the failure to appeal and to prosecute the appeal was that in August or September of 1920 he had a conversation with Assistant District Attorney Conway during which Conway informed him that if this case was reversed on appeal they would indict Crouse on six or seven other crimes of which they had positive proof he had committed; that respondent later told Sherman of this statement by the assistant district attorney and advised Sherman that in his opinion it would be foolish to go on with the appeal; that thereafter he saw Sherman again, who told him " that he had seen Crouse and that he believed that my advice was proper and that we abandon the appeal." Mr. Conway was called by the respondent and was unable to recollect any such conversation as testified to by respondent as having taken place, saying that at the time stated he, Conway, was no longer an assistant district attorney, having resigned on April 5, 1920.

Crouse, who was examined at Sing Sing Prison, testified that neither Mr. Fallon nor Mr. McGee did at any time tell him either in words or in substance that they had had a conference with the district attorney of Kings county and that the district attorney had said substantially that if the appeal was followed up they would prosecute him on other indictments if he was successful; and that he did not at any time after having a talk or receiving a message from them tell them that under the circumstances it was best not to go on with the appeal, but to stop; and that the first time that he learned that no appeal had been taken from the judgment in his case was when he wrote to the county clerk's office and the clerk of the Appellate Division and had received an answer that no notice of appeal had been filed in either office; and that that was on July 28 or 29, 1921.

Sherman being dead, contradiction by him of respondent's story was of course impossible.

The learned referee concludes his report as follows:

" It is proved that no notice of appeal was filed and that the time within which such appeal could be taken has long since expired. It is further established that excepting for the $40 paid to the attorney for the stenographer after action had been commenced, no disbursements of any kind were made from the $250. Respondent's testimony is totally lacking in quality and is not in

consonance with the surrounding circumstances presented or probabilities involved. Upon all disputed questions the version of petitioner's witnesses must be accepted as prevailing. The evidence herein reveals unconscionable neglect and disregard by respondent of his client's interest. I find the respondent guilty of converting the sum of $210 of his client's money to his own uses and purposes."

At the close of the taking of testimony a number of adjournments were taken for the purpose of getting a statement from Mr. Justice LEWIS who was district attorney at the time of the trial of the Crouse case. Finally, on the 25th of February, 1924, the representative of the respondent's attorney said that he was going to rest the hearing and would like a week to submit briefs. And it was so ordered. No briefs for the respondent were submitted, and the referee reported that " after this report had been signed the respondent requested that he be given further time to submit a brief. His request was granted but more than a week has elapsed since then and no brief by him has been submitted." After the matter had been noticed for argument in this court the respondent made a motion to reopen the matter and send it back to the official referee to consider a statement or affidavit of Mr. Justice LEWIS in attempted corroboration of the respondent's testimony as to why the appeal was not prosecuted. Irrespective of the great laches and utter indifference to the directions of the learned official referee and the opportunities granted to put in all that the respondent had, no statement by Mr. Justice LEWIS would affect the result. The respondent's evidence was that the conversation with Mr. Conway as to what would happen if the appeal should be successful was testified to by him to have taken place in August or September, 1920. Mr. Conway's testimony was that he ceased to be an assistant district attorney on April 5, 1920. All that Mr. Justice LEWIS says is: " Deponent has been informed that Eugene F. McGee, respondent above named, has testified in this proceeding that he was informed by deponent that these other prosecutions had not been proceeded with because of the existence of said conviction, and deponent desired to state, in that regard, that he could not possibly contradict the testimony of the said McGee in this regard; that while he has no positive recollection of having discussed the matter with the said McGee, the fact is that the said prosecutions were withheld for the reasons outlined by the said respondent McGee."

Assuming that it should be found that such conversations were had with the district attorney or his assistant before the assistant resigned on April 5, 1920, there could be no reason or excuse for taking the $250 for purposes of the appeal on July 29, 1920, and

still less for the retention of $210 ever since. It may be noted that the respondent testified that at the time the money was received and up to the present time there are many unsatisfied judgments of record against him. The motion to refer back should be denied.

The conclusion of the learned official referee that respondent has been guilty of conversion is approved and the respondent should be disbarred, and it is so ordered.

DOWLING, FINCH, McAVOY and MARTIN, JJ., concur.

Respondent disbarred. Settle order on notice.